**Iwan Bitnik ISA, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 05–70421.

United States Court of Appeals, Ninth Circuit.

Submitted July 22, 2008.*

Filed July 31, 2008.

Kaaren L. Barr, Esq., Seattle, WA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, WWS–District Counsel, Immigration and Naturalization Service, Office of the District Counsel, Seattle, WA, Frank A. Wilson, AUSA, U.S. Attorney's Office Eastern District of Washington, Spokane, WA, for Respondent.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

R.App. P. 34(a)(2).

Before: B. FLETCHER, THOMAS, and WARDLAW, Circuit Judges.

### MEMORANDUM **

Iwan Bitnik Isa, a native and citizen of Indonesia, petitions for review of the Board of Immigration Appeals' order summarily affirming an immigration judge's decision ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence and will uphold the IJ's decision unless the evidence compels a contrary conclusion. *INS v. Elias–Zacarias*, 502 U.S. 478, 481 n. 1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). We deny the petition for review.

The record does not compel the conclusion that changed or extraordinary circumstances excuse the untimely filing of Isa's asylum application. *See* 8 C.F.R. § 208.4(a)(4) and (5); *Ramadan v. Gonzales*, 479 F.3d 646, 648, 656 (9th Cir.2007) (per curiam).

■ We deny the petition with respect to the withholding of removal claim because the record does not compel a finding of past persecution, or a clear probability of future persecution by the government or forces that the government is unable or unwilling to control. *See Castro–Perez v. Gonzales*, 409 F.3d 1069, 1072 (9th Cir. 2005); *see also Lolong v. Gonzales*, 484 F.3d 1173, 1180 (9th Cir.2007) (en banc) (holding that petitioners alleging a pattern or practice of persecution by non-government actors must also prove that the government is unable or unwilling to control those actors.)

■ Isa's CAT claim fails because he has not demonstrated that it is more likely than not that he will be tortured "by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity" if he returns to Indonesia. *El Himri v. Ashcroft*, 378 F.3d 932, 938 (9th Cir.2004) (internal quotation marks and citations omitted).

### PETITION FOR REVIEW DENIED.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

